# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv139

| | |
|---|---|
| **PISGAH LABORATORIES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **MIKART, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ | |

Pending before the Court is Defendant's Motion to Dismiss [# 10]. Plaintiff brought this action in state court asserting claims for breach of contract, fraud, and unjust enrichment. Defendant removed the action to this Court on the basis of diversity jurisdiction. After removing the action to this Court, Defendant moved to dismiss the breach of contract and fraud claims pursuant to Rule 12(b)(6). The Court **RECOMMENDS** that the District Court **DENY** the motion [# 10].

**I.     Background**

Pisgah Laboratories, Inc. ("Plaintiff" or "Pisgah") is a North Carolina corporation located in Pisgah Forest, North Carolina that manufactures active pharmaceutical ingredients. (Pl.'s Compl. ¶¶ 1, 3.) Pisgah developed and patented salts of active ingredients that possess anti-abuse properties. (Id. ¶¶ 4,

-1-

15.) Defendant Mikart, Inc. is a Georgia corporation that manufactures pharmaceutical products, including generic and branded hydrocodone bitartrate products. (Id. ¶¶ 5, 23.)

At some point, Plaintiff contacted Defendant about developing a final drug product containing hydrocodone pamoate. (Id. ¶ 27.) On March 10, 2011, Defendant's Vice President of Sales and Marketing, Blair Jones, and Defendant's Assistant Vice President of Formulation, Dr. Charles Chiao, met with Plaintiff's President, Vice President, and Director QA/QC at Defendant's Atlanta facility. (Id. ¶ 28.) During this meeting, Mr. Jones and Dr. Chiao represented to Plaintiff that Defendant had the skills and experience to quickly develop Plaintiff's hydrocodone pamoate into a final drug product and to provide the essential development documentation required by the Food and Drug Administration so that Camargo Pharmaceutical Services ("Camargo") could submit a successful application to the Food and Drug Administration ("FDA") on behalf of Plaintiff. (Id.) Plaintiff contends that these representations by Mr. Jones and Dr. Chiao were false, and that they were made with the intent to induce Plaintiff to enter into the contract. (Id. ¶¶ 29, 83.)

Based on the representations by Mr. Jones and Dr. Chiao, Plaintiff entered into a contract with Defendant for the development and manufacture of an

immediate-release tablet containing hydrocodone pamoate and acetaminophen (the "Product"). (Id. ¶¶ 30, 84-5; Ex. A to Def.'s Memo Support of Mot. Dismiss ("Ex. A") at pp. 1, 10.) Plaintiff executed the contract on April 25, 2011. (Pl.'s Compl. ¶ 30.) Plaintiff paid Defendant $572,900 under the terms of the contract. (Pl.'s Compl. ¶ 1; Ex. A at pp. 8-9.) This payment represented a lump sum payment covering the first four milestone payments as set forth in the contract's Payment Schedule. (Ex. A at pp. 8-9.) These milestones included acceptance of the proposal, initiation of the first feasibility batch manufacture, completion of the method validation report, and initiation of the first exhibit batch manufacture. (Id.) The contract also sets forth numerous specific acts or tasks that Defendant would perform under the terms of the contract. (Id. at pp. 1-6.)

The contract did not contain specific timelines for the performance of the various tasks set forth in the contract. (See Ex. A.) Instead, the contract provided that the parties would establish specific dates and milestone lead-times once Plaintiff accepted the contract. (Ex. A at p. 10.) The parties agreed to hold conferences after acceptance of the contract so that the parties could "establish definitive dates for the project's timeline." (Id.)

After Plaintiff accepted the contract, the parties agreed to a timeline for the performance of the contract. (Pl.'s Compl. at ¶ 34.) The timeline dated May 23,

2011, sets forth specific time periods for the performance of various tasks. (Id. ¶ 35; Ex. A to Pl.'s Compl.) Subsequently, however, the project met with a series of delays. (See Pl.'s Compl. at ¶¶ 37-46.)

On June 15, 2012, the parties had a conference call to discuss the slow development of the Product. (Id. ¶ 37.) During this conference call, Mr. Jones, Dr. Chia, Vice President of Scientific Affairs Judy Howard, Manager of R&D Analytical, Kevin Kelly, and Associate Manager of R&D Analytical, Anand Padmanabhan represented to Plaintiff that Defendant was in a position to complete the work as set forth in the contract and to meet the timeline the parties had previously agreed upon. (Id. ¶ 37.) Plaintiff, however, contends that these representations were false, and that Defendant lacked the expertise and manpower to successfully perform its contractual duties. (Id. ¶¶ 37, 41 81.) In reliance on these allegedly false representations, Plaintiff continued to work with Defendant to develop the Product rather than terminate the contract earlier and proceed with working with another product development partner. (Id. ¶¶ 85-86.)

In addition to the delays, Plaintiff alleges that Defendant failed to perform some of the specific acts or tasks set forth in the contract. (See Pl.'s Compl. at ¶ 67.) Accordingly, Plaintiff terminated the contract on December 6, 2013, two and half years after the parties entered the contract. (Id. ¶ 57.) Approximately five

weeks after terminating the contract, Plaintiff engaged a third party to develop the Product. (Id. ¶ 60.) Plaintiff then brought this action in the Superior Court of Transylvania County, North Carolina asserting claims for breach of contract, fraud, and unjust enrichment. Defendant then removed the case to this Court and moved to dismiss the fraud and breach of contract claims pursuant to Rule 12(b)(6). The District Court referred the motion to this Court. As such, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.[1] See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

---

1       Once a case is removed to federal court, the Federal Rules of Civil Procedure, not the corresponding state rules, dictate the procedural requirements in a case. Fed. R. Civ. P. 81(c)(1).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570,

127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

### III. Analysis[2]

#### A. Breach of Contract

---

[2] In response to the Motion to Dismiss, Plaintiff briefly argues that it is entitled to default judgment on the unjust enrichment claim because Defendant did not file an answer and did not move to dismiss this claim in its Rule 12 motion. To the extent that Plaintiff seeks such relief from this Court, the request is not properly before the Court as a party may not include a motion in a responsive brief. LCvR 7.1(C)(2). Moreover, Plaintiff's argument is meritless as most federal courts, including at least one court in this District, have rejected the minority rule that the service of a Rule 12(b) motion as to only part of a complaint does not enlarge the time for answering the remaining portions of the complaint. 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 1346 (3rd ed. 2004); Justice v. Dimon, No. 3:10cv413, 2011 WL 2183146, at *2 (W.D.N.C. Jun. 6, 2011) (Cogburn, J.). Cursory arguments such as the one set forth by counsel for Plaintiff have no place in a response brief to a motion to dismiss and do little other than harm counsel's credibility with the Court.

Plaintiff's First Claim for Relief asserts a claim for breach of contract. (Pl.'s Compl. at ¶¶ 65-79.) In order to assert a breach of contract claim under North Carolina law, a plaintiff must allege (1) the existence of a valid contract and (2) a breach of the terms of that contract. See Samost v. Duke Univ., 742 S.E.2d 257, 260 (N.C. Ct. App. 2013); Highland Paving Co., LLC v. First Bank, 742 S.E.2d 287, 291 (N.C. Ct. App. 2013). Here, Plaintiff alleges factual allegations supporting each of the two elements of a breach of contract claim.

First, Plaintiff alleges the existence of a valid contract between the parties concerning the development and manufacture of the Product. (Pl.'s Compl. at ¶ 30.) Plaintiff provided Defendant with a payment of $572,900.00 to cover the first four milestones in the Payment Schedule and, in return, Defendant agreed to perform a number of specific acts and tasks related to the development and manufacture of the Product as specifically set forth in the contract, including the Product Development and Payment Schedule. (Id. ¶¶ 1, 30-33; Ex. A at pp. 1-6, 8-9.) By virtue of the $572,900.00 payment to Defendant, the parties had a binding contract for Defendant to perform all the task and acts associated with the first four milestones in the Payment Schedule.

Second, the Complaint sufficiently alleges that Defendant breached the agreement by failing to perform its obligations under the terms of the contract. (Id.

¶ 67.)  For example, the plain language of the contract requires that Defendant perform particle size studies and excipient compatibility studies.  (Ex. A. at pp. 1, 3.)  Plaintiff alleges that Defendant failed to perform either study.  (Pl.'s Compl. at ¶¶ 67(d), (g).  This is all that is required to state a breach of contract claim.

To the extent that Defendant contends that the breach of contract claim fails as a matter of law because the contract contained no time requirement for performance, such argument is premature.  Defendant was either obligated to perform the various acts associated with the first four milestones in the Payment Schedule and the corresponding Product Development section of the contract within a reasonable time of receipt of the $572,900, see Miller v. Carolinas Med. Ctr.- Ne, 756 S.E.2d 54, 59 (N.C. App. 2014) (explaining that where a contract does not have a specific time for performance, a court must imply a reasonable time for performance), or within the timeframe the parties agreed to pursuant to the Project Timeline section of the contract if these timeframes are incorporated into the terms of the contract (Ex. A at p. 10).  Which timeline applies to the contract and whether Defendant complied with that timeline is a mixed question of fact and law that cannot be resolved on Defendant's Rule 12 motion.  Because Plaintiff has sufficiently alleged a breach of contract claim, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to the First Claim for Relief.

## B. Fraud

Plaintiff's Second Claim for Relief asserts a claim for fraud. In order to assert either a claim of general fraud or fraud in the inducement in North Carolina, a plaintiff must allege facts supporting each element of a fraud claim, including: (1) the false representation or concealment of a material fact; (2) that is reasonably calculated to deceive; (3) made with the intent deceive plaintiff; (4) that does in fact deceive plaintiff; and (5) results in damage to plaintiff. Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1974) (setting forth the elements of a general fraud claim); TradeWinds Airlines, Inc. v. C-S Aviation Servs., 733 S.E.2d 162, 168 (N.C. Ct. App. 2012) (setting forth the elements of a fraud in the inducement claim); Whisnant v. Carolina Farm Credit, 693 S.E.2d 149, 157 (N.C. Ct. App. 2010) (setting forth the elements of a fraud in the inducement claim). In addition to alleging factual allegations supporting each element of a fraud claim, a party must also plead the circumstances of fraud with particularity. Fed. R. Civ. P. 9(b). As the Fourth Circuit has explained:

> We have elaborated that "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir.1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed.1990)). The standard set forth by Rule 9(b) aims to provide defendants with fair notice of

claims against them and the factual ground upon which they are based, forestall frivolous suits, prevent fraud actions in which all the facts are learned only following discovery, and protect defendants' goodwill and reputation. Id.; see also U.S. ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc., 707 F.3d 451, 455–56 (4th Cir. 2013).

McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 559 (4th Cir. 2013); see also Ross v. Gordon & Weinberg, P.C., No. 3:09cv482, 2011 WL 3841549, at *4 (W.D.N.C. Aug. 30, 2011) (Cogburn, J.).

Although the Complaint contains numerous superfluous factual allegations, the Complaint does contain sufficient factual allegations to set forth a fraud claim against Defendant. For example, Plaintiff alleges that Defendant's employees and/or corporate officers made false representations regarding the fact that Defendant had the skills and experience to quickly develop Pisgah's hydrocodone pamoate into a final drug product and to provide the FDA with the required documentation that would enable Carmargo to submit a successful application on behalf of Plaintiff. (Pl.'s Compl. at ¶ 28.) This alleged misrepresentation is not predicated upon the mere nonperformance of a contractual obligation. Moreover, Plaintiff alleges the time, place, contents of the representations, and the identity of the person making the alleged misrepresentation. (Id.) Plaintiff also alleges that the representations were false (id. ¶¶ 29, 81), made with the intent to deceive Plaintiff by inducing Plaintiff into signing the contract at issue in this dispute (id. ¶

-11-

83), and did in fact deceive Plaintiff because Plaintiff relied on the alleged misrepresentations to its detriment when it executed the contract (id. ¶¶ 30, 85). Finally, Plaintiff alleges that it suffered damages as a result the alleged misrepresentations. (Id. ¶¶ 86-87.) Such allegations are sufficient to state a claim for fraud against Defendant.

Plaintiff might be able to prevail on such a fraud claim against Defendant if it can prove that Defendant made these alleged statements despite knowing at the time that it lacked the skill and experience to develop Pisgah's hydrocodone pamoate into a final drug product and to provide the FDA with the required documentation. Such a statement is a misrepresentation as to an existing fact – either Defendant did or did not have the skill and experience to develop the Product and provide the necessary documentation - not a statement of opinion or sales puffery. See James v. Integon Nat. Ins. Co., 744 S.E.2d 491, 494 (N.C. Ct. App. 2013) ("To prove fraud, a party must show that the defendant made a false representation to some material past or existing fact.") (quotation and citation omitted); Wilson v. Popp Yarn Corp., 680 F. Supp. 208, 214-15 (W.D.N.C. 1988) (Potter, C.J.) ("Statements of opinion, in large part because they can be neither true not false, are not actionable as fraudulent."); Vaughan v. Exum, 77 S.E. 679, 680

(N.C. 1913).³ Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to the Second Claim for Relief.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 10].

Signed: January 30, 2015

Dennis L. Howell
United States Magistrate Judge

---

3   In contrast, if the allegation was merely that Defendant represented that it could perform the terms of the contract quickly, such allegations would likely fail to set forth an actionable fraud claim. See generally Wilson, 680 F. Supp. at 214-15.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).