# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00139-MR-DLH

| | |
|---|---|
| PISGAH LABORATORIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MIKART, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 10]; the Magistrate Judge's Memorandum and Recommendation [Doc. 16] regarding the disposition of said motion; the Defendant Mikart, Inc.'s Objection to the Memorandum and Recommendation [Doc. 17]; and the Plaintiff's Response in Opposition to the Defendant's Objection [Doc. 18].

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiff Pisgah Laboratories, Inc. ("Plaintiff") brought this action against the Defendant Mikart, Inc. ("Defendant") in relation to a business contract between the parties. [Doc. 1-2]. The Plaintiff has asserted claims for breach of contract, fraud, and unjust enrichment in the alternative. [Id.] The Defendant removed the case to this Court on June 5, 2014. [Doc. 1].

On June 10, 2014, the Defendant moved to dismiss the Plaintiff's breach of contract and fraud claims. [Doc. 10].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation regarding its disposition. On January 30, 2015, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Court should deny the Defendant's motion. [Doc. 16]. The Defendant filed objections to the Court's Memorandum and Recommendation. [Doc. 17].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or

any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

As the Magistrate Judge properly noted, "[t]he central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief." [Doc. 16 at 5 (citing Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009))]. This Court views "the allegations in the Complaint as true and construes them in the light most favorable to [the] Plaintiff." [Id. at 2 (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92).] Indeed, "[t]he claims need not contain 'detailed factual allegations,' but must contain sufficient factual allegations to suggest the required elements of a cause of action." [Id. at 6, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256]. Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [Doc. 16 at 6 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)].

Additionally, the Magistrate Judge noted that fraud allegations must satisfy the heightened pleading standards of Rule 9. [Doc. 16 at 7 (citing Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007)]. The circumstances constituting fraud or mistake must be alleged with particularity, according to Rule 9(b). Fed. R. Civ. P. 9(b).

**A. Breach of Contract Claim**

The Plaintiff argues that the Magistrate Judge's recommendation should not be adopted because the Plaintiff's Complaint failed to state a claim for breach of contract. [Doc. 17 at 4]. Particularly, the Defendant argues that the Plaintiff did not "identify a single, specific covenant or representation in the Proposal that it contends Mikart breached." [Doc. 17 at 5]. The Defendant further argues that the Plaintiff's Complaint "does not and cannot allege . . . the final or controlling version of the continually changing timeline" which the Plaintiff referenced in alleging its breach of contract claim. [Doc. 17 at 5-6].

4

A Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). For a breach of contract claim, a plaintiff must allege (1) the existence of a valid contract and (2) a breach of the terms of that contract. [Doc. 16 at 8 (citing Samost v. Duke Univ., 742 S.E.2d 257 (N.C. Ct. App. 2013)].

Here, the Magistrate Judge aptly noted that "the Complaint sufficiently alleges that Defendant breached the agreement by failing to perform its obligations under the terms of the contract." [Doc. 16 at 8]. As an example, the Magistrate Judge indicated that the Plaintiff alleged that the Defendant failed to perform either particle studies or excipient compatibility studies as noted in the contract. [Doc. 16 at 9]. The Defendant claims that this allegation of breach "pre-supposes the Defendant's obligation to complete the entire Project within a particular timeframe with responsibility for the eventual FDA approval and commercialization of the Product." [Doc. 17 at 7]. Such a consideration regarding the timeframe of this contract, however, is a premature "mixed question of fact and law that cannot be resolved on Defendant's Rule 12 motion," as noted by the Magistrate Judge. [Doc. 16 at 9]. As noted previously, this Court views "the allegations in the Complaint as true and

5

construes them in the light most favorable to [the] Plaintiff." [Id. at 2 (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92)]. Thus, even if the alleged timelines are ultimately found to be not incorporated into the contract at issue here or if "[s]ubsequent conferences" are ultimately determined to not specify the particular deadlines, [Doc. 11-1 at 11], the Court can still resolve this case by determining whether such performance was made within a reasonable time. Miller v. Carolinas Med. Ctr.-Ne., 756 S.E.2d 54, 59 (N.C. App. 2014). Thus, the Plaintiff sufficiently alleged a breach of contract claim in this case. Therefore, the Defendant's objections regarding the Plaintiff's breach of contract claim are without merit.

**B. Fraud Claim**

The Defendant additionally argues that the Magistrate Judge's recommendation should not be adopted because the Plaintiff's Complaint failed to state a claim for fraud. [Doc. 17 at 13]. Particularly, the Defendant notes that the Plaintiff "incorporates by reference 18 prior paragraphs of its Complaint, many of which have nothing to do with a fraud claim." [Id.]. The Defendant claims that the Plaintiff's fraud allegations "could not be actionable as fraud as a matter of law, both because of the nature of the representations and because Pisgah's fraud claim amounts to an improper

6

re-pleading of its breach of contract claim." [Id.]. The Defendant claims that the Plaintiff's fraud claim is "impermissibly vague about its purported factual basis," constituting "mere 'marketing puffery.'" [Doc. 17 at 17].

The Magistrate Judge properly noted the required elements for alleging a fraud claim in North Carolina:

> (1) the false representation or concealment of a material fact; (2) that is reasonably calculated to deceive; (3) made with the intent [to] deceive [the] plaintiff; (4) that does in fact deceive [the] plaintiff; and (5) results in damage to [the] plaintiff. Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1974) (setting forth the elements of a general fraud claim); TradeWinds Airlines, Inc. v. C-S Aviation Servs., 733 S.E.2d 162, 168 (N.C. Ct. App. 2012) (setting forth the elements of a fraud in the inducement claim); Whisnant v. Carolina Farm Credit, 693 S.E.2d 149, 157 (N.C. Ct. App. 2010) (setting forth the elements of a fraud in the inducement claim).

[Doc. 16 at 10]. Further, Fed. R. Civ. P. 9(b) requires that the circumstances of fraud be pled with particularity, including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." [Id. (citing Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990))].

The Magistrate Judge noted that "[a]lthough the [Plaintiff's] Complaint contains numerous superfluous factual allegations, the Complaint does contain sufficient factual allegations to set forth a fraud claim against [the] Defendant." [Doc. 16 at 11]. The Magistrate Judge provided his reasoning regarding why he recommended that the Plaintiff's fraud allegations were sufficient, as follows:

> For example, Plaintiff alleges that Defendant's employees and/or corporate officers made false representations regarding the fact that Defendant had the skills and experience to quickly develop Pisgah's hydrocodone pamoate into a final drug product and to provide the FDA with the required documentation that would enable Carmargo to submit a successful application on behalf of Plaintiff. (Pl.'s Compl. at ¶ 28.) This alleged misrepresentation is not predicated upon the mere nonperformance of a contractual obligation. Moreover, Plaintiff alleges the time, place, contents of the representations, and the identity of the person making the alleged misrepresentation. (Id.) Plaintiff also alleges that the representations were false (id. ¶¶ 29, 81), made with the intent to deceive Plaintiff by inducing Plaintiff into signing the contract at issue in this dispute (id. ¶ 83), and did in fact deceive Plaintiff because Plaintiff relied on the alleged misrepresentations to its detriment when it executed the contract (id. ¶¶ 30, 85). Finally, Plaintiff alleges that it suffered damages as a result [of] the alleged misrepresentations. (Id. ¶¶ 86-87.)

[Doc. 16 at 11-12].

Contrary to the Defendant's assertion, the Plaintiff's allegations regarding its fraud claim are sufficiently distinguishable from its allegations regarding its breach of contract claim. As the Magistrate Judge noted, the "alleged misrepresentation [was] not predicated upon the mere nonperformance of a contractual obligation." [Doc. 16 at 11]. Rather, the alleged misrepresentation related to the Defendant's representations that its personnel harbored the particular "skills and experience" necessary to develop a product and to provide FDA-required essential development documentation. [Doc. 1-2 at 7, ¶ 28]. This, of course, has no bearing on whether Plaintiff's fraud claim will survive summary judgment, but the Court concludes that the Plaintiff has pled sufficient factual allegations to overcome the Defendant's 12(b)(6) motion to dismiss the fraud claim in this case [Doc. 10].

Thus, the Defendant's objections regarding the Plaintiff's fraud claim are overruled.

## IV. CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law. Thus, the

Defendant's Objections to the Memorandum and Recommendation [Doc. 17] are therefore overruled.

**ORDER**

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendant's Objections [Doc. 17] are **OVERRULED,** the Magistrate Judge's Memorandum and Recommendation [Doc. 16] is **ACCEPTED;** and the Defendant's Motion to Dismiss [Doc. 10] is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge